IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | | |
|---|---|---|
| IMANI SOLOMON, AS ADMINISTRATOR OF THE ESTATE OF AYENDE CRAWFORD; | ) ) ) ) | 2:22-CV-01491-CBB |
| Plaintiff, | ) ) ) ) | |
| vs. | ) ) ) | |
| BEAVER COUNTY, WILLIAM J. SCHOUPPE, ETHEL WHITE, SOUTHERN HEALTH PARTNERS, ABIGAIL ELLIOT, RENEE RUBENSTEIN, BRITTANY HOLSAPPLE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM ORDER**

Plaintiff Imani Solomon brought this lawsuit as Administrator of the Estate of Ayende Crawford against Beaver County, William Schouppe, Ethel White, Southern Health Partners ("SHP"), Abigail Elliot, Renee Rubenstein and Brittany Holsapple arising from the death of Ayende Crawford while he was incarcerated in the Beaver County Jail. Plaintiff alleges Defendants violated Crawford's constitutional rights. Defendants generally dispute the factual allegations and dispute their conduct was unconstitutional.

The parties reached a settlement in December 2024 with Beaver County and SHP, ECF Nos. 66, 67, and Plaintiff voluntarily dismissed her claims against all the individual Defendants with prejudice in February 2025. ECF No. 73. Crawford had

three minor children who are the beneficiaries of his Estate and will receive the settlement proceeds of this lawsuit.  Under Local Rule 17.1, "[n]o action to which a minor is a party shall be compromised, settled, discontinued, or dismissed except after approval by the Court pursuant to a petition presented by the guardian of the minor . . ." LCvR 17.1.  The petition must include "(1) a statement of the nature of the evidence relied upon to show liability, (2) the elements of damage, (3) a statement of the services rendered by counsel, (4) the expenses incurred or to be incurred, and (5) the amount of fees requested." LCvR 17.1.B.

Presently pending before the Court is a joint motion by the parties for leave to file a redacted petition to approve the settlement and allocate funds to the minor beneficiaries. ECF No. 75.  The parties submitted a proposed redacted petition as an exhibit to the motion. ECF No. 75-1.  The parties seek to redact from the petition the settlement amount, the total amount of attorneys' fees, the amount distributed to the minor beneficiaries and the names of the minor children. ECF No. 75-1 at ¶¶ 7, 9, 11, 14.

As a preliminary matter, because Local Rules require redaction of the names of the minor children in all filings with the Court, the parties' request to redact their names is granted. *See* LCvR 5.2.

As for the parties' request to redact the settlement amount, amount of attorneys' fees and amount distributed to the minor beneficiaries from the petition, when a governmental entity, like Beaver County, "is a party to litigation, no protective, sealing or other confidentiality order shall be entered without

consideration of its effect on disclosure of government records to the public under

state and federal freedom of information laws." *Pansy v. Borough of Stroudsburg*, 23

F.3d 772, 791 (3d Cir. 1994) (cleaned up). If "it is likely that information is

accessible under a relevant freedom of information law, a strong presumption exists

against granting or maintaining an order of confidentiality whose scope would

prevent disclosure of that information pursuant to the relevant freedom of

information law." *Id.* While the parties maintain "[c]onfidentiality was an essential

term of the proposed settlement[,]" ECF No. 75 at ¶ 5, and usually settlement

agreements are not considered "judicial records" subject to disclosure, the same is

not true for settlement agreements, like this one, which must be judicially

approved. *Pansy,* 23 F.3d at 781; *Barrett v. Wal-Mart Stores E., L.P.*, No. CV 21-

1684, 2022 WL 4448944, at *2 (W.D. Pa. Sept. 23, 2022) ("Because the parties will

be filing the settlement agreement with the Court for the purpose of requesting

judicial approval in this case, it is a judicial record and subject to the presumption

of public access.").

Under Pennsylvania's Right to Know Law, 65 P.S. § 67.101 *et seq.*, ("RTKL"),

records that a government agency possesses are presumed public unless exempt

from disclosure under Section 708 of the RTKL. *Energy Transfer v. Moss*, 288 A.3d

957, 961 (Pa. Commw. Ct. 2023). An "executed settlement agreement" is not

exempt from disclosure unless it "is determined to be confidential by a court." 65

P.S. § 67.708(b)(17)(vi)(A); *Houseknecht v. Young*, No. 4:20-CV-01233, 2023 WL

5004050, at *2 (M.D. Pa. Aug. 4, 2023) (executed settlement agreements with a

public entity are squarely carved out from the RTKL's exemption list and parties

cannot contract around state law by agreeing to maintain confidentiality for such

agreements).

Therefore, because it is likely that the settlement agreement executed here

would be accessible under a relevant freedom of information law, a strong

presumption exists against allowing the parties to submit a petition redacting the

settlement amount, amount of attorneys' fees and amount distributed to the minor

beneficiaries from the petition. The parties have not rebutted that presumption[1]

and therefore, the parties' request to submit a petition redacting that information is

denied. Accordingly, the following Order is entered:

### ORDER OF COURT

AND NOW, this 6th day of March, 2025, it is hereby ORDERED that the

joint motion by the parties for leave to file a redacted petition to approve the

settlement and allocate funds to the minor beneficiaries at ECF No. 75 is

GRANTED in part and DENIED in part. The parties are granted permission to

redact the names of the minor-beneficiaries in the forthcoming petition and are

denied permission to redact the settlement amount, amount of attorneys' fees and

---

[1]    The Court notes the settlement includes claims against SHP which was the entity that provided medical treatment services at Butler County Jail during Crawford's incarceration. The parties provided no information regarding whether the settlement will be paid entirely with public funds or through proceeds generated by publicly financed insurance premiums, through private financing by SHP, if Beaver County and SHP have contracted otherwise, or by some other means. Nevertheless, because it appears Beaver County is a party to the settlement agreement underlying the petition, there is an unrebutted presumption that the petition's terms should be disclosed by virtue of its status as a public entity.

amount distributed to the minor beneficiaries in the forthcoming petition.  The

parties shall file their petition by **March 20, 2025**, or otherwise shall submit a joint

status report on the expected timeline for the filing of the same.


                              BY THE COURT:



                              s/Christopher B. Brown
                              United States Magistrate Judge